# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**EUGENE JONES**                                                                     **PLAINTIFF**
**ADC #169865**

V.                              NO. 4:21-cv-731-DPM-ERE

**JORGE DOMINICIS**, *et al.*                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Summary**

Eugene Jones, an inmate at the Cummins Unit of the Arkansas Division of Correction ("ADC"), filed this *pro se* action under 28 U.S.C. § 1983 on August 17, 2021. His remaining claim is that Defendant Angela M. Frantz, a dentist,

demonstrated deliberate indifference to his serious medical needs by leaving tooth fragments in his mouth during a tooth extraction on September 17, 2018.[1]

Pending before the Court is Dr. Frantz's motion for summary judgment, asserting that Mr. Jones failed to fully exhaust his administrative remedies before he filed this lawsuit (*Docs. 20, 21, 22)* and Mr. Jones' response in opposition. *Doc. No. 25*.

As explained below, the undisputed facts show that Mr. Jones failed to exhaust his available administrative remedies on his claim against Dr. Frantz. For that reason, Mr. Jones' claim against Dr. Frantz should be dismissed.

### III.   Discussion

#### A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper

---

[1] Mr. Jones' complaint presented multiple factually and legally unelated claims against numerous individuals. *Doc. 1*. Pursuant to pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, the Court severed and retained Mr. Jones' claim against Dr. Frantz from unrelated claims, which were dismissed without prejudice. *Docs. 4, 8.*

2

exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Jones to satisfy the ADC's requirements for raising and administratively exhausting the claims he is asserting in this lawsuit *before* bringing this action.[2]

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 14-16, effective April 11, 2014 and superseded by ADC Administrative Directive 19-20, effective August 1, 2019. *Doc. 22-1 at 1, 5, 34*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 8*.

To fully and properly exhaust administrative remedies regarding a medical complaint, an ADC prisoner must file: (1) a "Step One" informal resolution raising

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. See discussion *infra* note 3.

3

the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Health Services Administrator within three business days of the denial of the informal resolution; and (3) an appeal to the Director of Health within five working days of the Health Services Administrator's decision. *Id. at 9-15*. The grievance process ends when the Deputy Director of Health renders a written decision or rejection of an appeal. *Id. at 16*.

Thus, to properly exhaust his administrative remedies for his medical, deliberate indifference claim against Dr. Frantz, Mr. Jones was required to present the claim in a timely filed grievance and appeal it through all three steps of the ADC's grievance process. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

C. **Mr. Jones Failed to Submit a Grievance Regarding Dr. Frantz's Dental Care**

Dr. Frantz submits the declaration of Jacqueline Padgett, ADC's medical grievance supervisor. *Doc. 22-1*. Ms. Padgett states that she has reviewed all medical and dental grievances submitted by Mr. Jones in 2018 through August 17, 2021, the

4

day he filed this lawsuit. *Id. at 3*. Ms. Padgett notes that Mr. Jones filed no grievances of any kind in 2018 or 2019. *Id*. A chart of Mr. Jones' grievances attached to Ms. Padgett's declaration shows that he filed forty-eight grievances in 2020 and 2021, eighteen of which were related to medical complaints. *Id. at 72-74*. Ms. Padgett reports that none of those medical grievances stated a dental complaint, and only one, CU-21-01012, was appealed and fully exhausted. None of these grievances contained the allegations giving rise to Mr. Jones' claims in this lawsuit. *Id. at 3-4*.

Pursuant to ADC policy, Mr. Jones was required to file a grievance within fifteen days of September 17, 2018, the date of Dr. Frantz's alleged deliberate indifference. The undisputed evidence shows that he failed to do so. In his response, Mr. Jones does not dispute that he failed to exhaust his administrative remedies. Instead, he argues that personal mental challenges made it difficult for him to do so. *Doc. 25*. However, the undisputed record shows that Mr. Jones has filed numerous grievances, some of which he appealed and fully exhausted, demonstrating that he is more than capable of complying with the ADC's grievance policy. Thus, the facts do not support Mr. Jones' vague contention that mental issues prevented him initiating and completing the grievance process. Even if Mr. Jones had presented more specific facts, it is unlikely that questions of mental incapacity would fall within the narrow circumstances that may render a grievance procedure

"unavailable"[3] and therefore excuse a prisoner from the mandatory exhaustion requirement.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion for summary judgment (*Doc. 20*) be GRANTED and this case be DISMISSED WITHOUT PREJUDICE.

DATED this 7th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] In *Ross v. Blake*, 578 U.S. 632 (2016), the Supreme Court recognized three circumstances where an administrative remedy is "not capable of use" and thus unavailable: (1) where "it operates as a simple dead end—with officers unable or consistently unwilling to provide *any* relief to aggrieved inmates," *id*. at 643 (emphasis added); (2) where the "administrative scheme" is "so opaque" as to be practically "incapable of use," *id*. at 643-44; and (3) where "administrator's thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 644. Even assuming Mr. Jones' vague assertion of mental incapacity falls within one of these categories, the undisputed record demonstrates that his mental state has not prevented him from completing each step of the ADC's three-step administrative grievance process.